UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD E. PARR,

        Plaintiff,                             Civil Action No. 20-13173

vs.                                             HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,[1]

        Defendant.
_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 16), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 15), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10), (4) GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 23), AND (5) AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Chad Parr appeals from the final determination of the Commissioner of Social Security denying his claim for disability insurance benefits under the Social Security Act. The matter was referred to Magistrate Patricia T. Morris for an R&R. The parties filed cross-motions for summary judgment (Dkts. 10, 23), and Magistrate Judge Morris issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Parr's motion for summary judgment (Dkt. 15). Parr filed objections to the R&R (Dkt. 16), and the Commissioner filed a response (Dkt. 17).

For the reasons that follow, the Court overrules Parr's objections and accepts the recommendation contained in the magistrate judge's R&R. Thus, the Commissioner's motion is

---

[1] This lawsuit was brought against the prior Commissioner of Social Security, Andrew Saul. After the judgment was entered in this action—but before the Magistrate Judge's Report and Recommendation (R&R) and objections thereto were filed—Kilolo Kijakazi became the Acting Commissioner of Social Security.

granted, Parr's motion is denied, and the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's review is limited to determining whether the Commissioner's decision "is supported by substantial evidence and was made pursuant to proper legal standards." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge (ALJ)]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Parr filed eight objections to the magistrate judge's R&R. Each argument is addressed in turn. For the sake of brevity, Parr's fourth, fifth, and seventh objections—which each relate to the ALJ's residual functional capacity (RFC) assessment—are addressed jointly.

### A. First Objection

Parr first objects to the ALJ's determination that Parr can ambulate effectively. This objection fails for several reasons. As an initial matter, Parr does not identify any specific error in the magistrate judge's determination that the ALJ's finding is supported by substantial evidence that, if corrected, would result in a different outcome. This means that Parr's objection is nothing more than a "bare disagreement with the conclusions reached by the Magistrate Judge," which is

2

"tantamount to an outright failure to lodge [an] objection[] to the R&R." Depweg v. Comm'r of Soc. Sec., No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing Howard v. Sec. of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

Relatedly, Parr's first objection merely reiterates an argument that he previously raised before the magistrate judge in his motion for summary judgment. Compare Objections at 2–3 (Dkt. 16) (citing Soc. Sec. Trans. at PageID.237, 241, 439–528) (Dkt. 8)), with Pl. Mot. for Summ. J. at 14–15 (Dkt. 10) (citing Soc. Sec. Trans. at PageID.235–241, 418–419, 505, 523–528). The Court is not obligated to reassess such an argument. See Markgraff v. Comm'r of Soc. Sec., No. 17-10511, 2018 WL 654838, at *2 (E.D. Mich. Jan. 31, 2018) ("Plaintiff's Objection includes arguments drawn almost in their entirety from his motion for summary judgment. They merely rehash the same arguments presented to the Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.").

Parr's first objection also fails because the magistrate judge properly concluded that the ALJ's decision is supported by substantial evidence, including the consistent notations of Parr's physicians that he could walk normally without any assistive device; Parr's statements indicating that he can complete daily activities independently; and the observations of the examining consulting physician, who noted that Parr could walk normally. See R&R at 23–24 (Dkt. 15).

Parr's first objection, therefore, is overruled.

**B. Second Objection**

In his second objection, Parr argues the ALJ placed too much weight on the assessment of a non-examining physician, Dr. Phillip M. Green, who did not have access to the entire record when he rendered his opinion. Like Parr's first objection, his second fails because it does not

3

identify a specific error in the magistrate judge's analysis and, further, is an attempt to rehash an argument previously raised before the magistrate judge. Compare Objections at 3–4 ("[Dr. Green's assessment] preceded some of the claimant's treatment and could not account for subsequent assessments . . . ."), with Pl. Mot. for Summ. J. at 17 ("Dr. Green did not have access to the entire record when he rendered his opinion.").

Further, the Court agrees with the magistrate judge's determination that the ALJ's consideration of Dr. Green's findings were proper because the ALJ expressly considered Dr. Green's limited access to the entire record and discounted the weight of his assessment accordingly. R&R at 28.

For these reasons, Parr's second objection is overruled.

**C. Third Objection**

Parr's third objection is that the ALJ failed to properly evaluate Parr's obesity. Specifically, Parr contends that the ALJ neglected to consider how Parr's obesity affected his chronic pain. Objections at 5–6. Again, however, Parr does not identify any error in the magistrate judge's analysis that, if corrected, would result in a different outcome. Additionally, Parr's argument regarding the ALJ's evaluation of Parr's obesity is drawn from Parr's motion for summary judgment. See Pl. Mot. for Summ. J. at 21–24. As a result, the Court is not obligated to consider Parr's argument raised in his third objection.

Even considering Parr's argument, it fails on the merits. As the magistrate judge explained, the ALJ properly evaluated Parr's obesity. R&R at 30–31. Notably, the ALJ explicitly considered the effect of Parr's obesity on the severity of Parr's other impairments. Id. (citing Soc. Sec. Trans at PageID.46, 48).

Accordingly, Parr's third objection is overruled.

**D. Fourth, Fifth, and Seventh Objections**

Parr's fourth, fifth, and seventh objections each relate to the ALJ's RFC assessment. In his fourth objection, Parr argues that the ALJ's RFC assessment failed to mention any of Parr's daily activities, which are limited by his leg and chronic pain impairments. Objections at 6 ("The ALJ did not sufficiently establish that the claimant's social activities, as drawn from isolated portions of the record, allowed him to function independently on a sustained basis."). Similarly, in his fifth objection, Parr contends that the ALJ's RFC assessment failed to take into account all of Parr's non-severe impairments. Id. at 7. Likewise, in his seventh objection, Parr contends that the ALJ's RFC assessment failed to take into account all of Parr's impairments, both severe and non-severe. Id. at 8–9.[2] Collectively, through his fourth, fifth, and seventh objections, Parr charges that the ALJ cherry picked the portions of the medical evidence in making the RFC determination.

The Court need not consider these arguments because, once again, they fail to identify any error in the magistrate judge's analysis, and they were drawn from Parr's motion for summary judgment. See Pl. Mot. for Summ. J. at 18–25 (arguing, among other things, that "[t]he ALJ did not sufficiently establish that the claimant's social activities, as drawn from isolated portions of the record, allowed him to function independently on a sustained basis" and "due to the ALJ's selecting only those portions of the medical report that describe the plaintiff as having an RFC for light work, the RFC does not accurately describe the plaintiff's abilities").

Moreover, as the magistrate judge recognized, Parr's argument that the ALJ cherry picked evidence to rely on is a tacit invitation for the Court to reweigh the evidence. R&R at 38–39 (citing

---

[2] In his seventh objection, Parr also attempts to analogize this case to Hartman v. Colvin, 954 F. Supp. 2d 618 (W.D. Ky. 2013), where the court held that remand was required to allow the ALJ to address unresolved issues related to the impact of the claimant's medically-related absences on his ability to maintain substantial gainful employment. Id. at 645. Because Parr failed to raise this argument before the magistrate judge, he has waived it. Wilmore v. Comm'r of Soc. Sec., No. 16-cv-10475, 2017 WL 744241, at *4 (E.D. Mich. Feb. 27, 2017).

5

White v. Comm'r of Soc. Sec., 572 F.3d 272, 284 (6th Cir. 2009); Ritchie v. Comm'r of Soc. Sec., 540 F. App'x 508, 511 (6th Cir. 2013)). But a reviewing court's prerogative is limited to determining whether the ALJ's decision was supported by substantial evidence. Shepard v. Comm'r of Soc. Sec., 705 F. App'x 435, 440 (6th Cir. 2017).

In any case, as the magistrate judge explained, the ALJ did not completely disregard a significant portion of the record. R&R at 39. Rather, the ALJ acknowledged Parr's subjective complaints, but found that these complaints were inconsistent with other evidence. Id. (citing Soc. Sec. Trans. at PageID.47–48). An ALJ is not required to accept a plaintiff's subjective allegations at face value, and an ALJ's decision to afford little credibility to such allegations is entitled to great deference. See Ritchie, 540 F. App'x at 511.

Further, for the reasons set forth in the R&R, the ALJ's RFC determination was supported by substantial evidence. R&R at 39–40.

Parr's fourth, fifth, and seventh objections, therefore, are overruled.

### E. Sixth Objection

Parr's sixth objection is that the ALJ erred by relying on the jobs identified by the vocational expert (VE) because the Dictionary of Occupational Titles' (DOT's) description of each job conflicted with the VE's testimony. Parr's sixth objection fails to identify any error in the magistrate judge's analysis and attempts to rehash an identical argument previously raised before the magistrate judge. See Pl. Mot. for Summ. J. at 20. The Court, therefore, need not consider it.

In any event, an ALJ does not err in relying on the VE's testimony where the conflict between the VE's testimony and the DOT is resolved. Cf. Joyce v. Comm'r of Soc. Sec., 662 F. App'x 430, 435–436 (6th Cir. 2016) (holding that the ALJ "procedurally erred" by not resolving a conflict between the DOT and the VE's testimony). Here, as the magistrate judge recognized,

6

the conflict between the VE's testimony and the DOT's descriptions was resolved by the VE's testimony that (i) the DOT has not been significantly updated in 30 years, and (ii) any information the VE gave was based on her knowledge of physical activities required by certain jobs. R&R at 35.

As a result, Parr's sixth objection is overruled.

**F. Eighth Objection**

In his final objection, Parr argues that the ALJ improperly discounted the opinion of the examining consultative psychologist, Patricia Decker, Ph.D. Objections at 9. The Court need not consider this argument because, like Parr's other objections, it fails to identify any error in the magistrate judge's analysis and is drawn from Parr's motion for summary judgment. See Pl. Mot. for Summ. J. at 832–833.

Moreover, this objection fails on the merits. As the magistrate judge explained, "[a]n ALJ is not bound by the opinion of an examining consultative physician or psychologist." R&R at 37 (citing Tucker v. Comm'r of Soc. Sec., 775 F. App'x 220, 226 (6th Cir. 2019)). Further, an ALJ's credibility determination of a witness should be accorded great deference. Id. (citing Ritchie, 540 F. App'x at 511; Walters v. Comm'r of Soc. Sec., 721 F.3d 525, 531 (6th Cir. 1997)). Here, the ALJ discounted Dr. Decker's opinion because the ALJ concluded that Dr. Decker's opinion was inconsistent not just with the medical evidence, but also with her own examination. Id. at 832–833 (citing Soc. Sec. Trans. at PageID.48, 98, 559, 597, 738). Thus, the magistrate judge properly declined to disturb the ALJ's decision to discount Dr. Decker's opinion. See Newbert v. Comm'r of Soc. Sec., Case No. 20-11696, 2021 WL 2349304, at *10 (E.D. Mich. Mar. 3, 2021) (recommending that district court hold that an ALJ did not err by discounting a state consultative

examiner whose opinion contradicted his own findings and other medical evidence in the record),

R&R adopted by 2021 WL 2102596 (E.D. Mich. May 25, 2021).

Accordingly, Parr's eighth objection is overruled.

### III.  CONCLUSION

For the above-stated reasons, the Court overrules Parr's objections (Dkt. 16) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 15).  The Commissioner's motion for summary judgment (Dkt. 13) is granted, Parr's motion for summary judgment (Dkt. 10) is denied, and the Commissioner's decision is affirmed.

SO ORDERED.

Dated:  November 18, 2021           s/Mark A. Goldsmith
        Detroit, Michigan           MARK A. GOLDSMITH
                                    United States District Judge